RATTET PASTERNAK, LLP
Proposed Attorneys for the Debtors
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400
Jonathan S. Pasternak, Esq.
Julie A. Cvek, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

12 MARTENSE ASSOCIATES LLC,                     Chapter 11
                                                Case No. 11-

                                Debtor.
------------------------------------------------------------X

## DECLARATION OF ZALMAN PERL PURSUANT TO
## F.R.B.P. RULE 1007(d) AND LOCAL BANKRUPTCY RULE 1007-4

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF BROOKLYN         )

        ZALMAN PERL, being duly sworn, deposes and says:

        1.    I am the Managing Member of 12 Martense Associates LLC (the "Debtor"). As

such, I am familiar with the Debtors' operations, businesses and financial affairs.

        2.    I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-4 of the Local Rules for the United

States Bankruptcy Court for the Eastern District of New York (the "Local Rules").

**Local Rule 1007-4(a)(i)**

        3.    The Debtor is not a small business debtor.

**Local Rule 1007-4(a)(ii)**

        4.    The Debtor was formed in December of 2009 for the purpose of acquiring 20 unit,

5 story walk-up, mixed use real property located at 12 Martense Street, Brooklyn, New York (the "Property"). The Property has an approximate fair market value of $1.0 million and has a first priority secured mortgage in the approximate amount of $1,492,203.67 held by Capital One, National Association ("Capital One").

5.     After the acquisition of the Property in 2009, the Debtor encountered unanticipated and dramatic operating costs. These costs included an increase in real estate taxes and an escalation in heating costs due to a record cold winter. Coupled with these increased costs, the Debtor suffered from a decrease in revenue from low occupancy, as well as having to lower the monthly rental rates so as to entice new tenants as well as sustain current tenants. These circumstances resulted in the Debtor being unable to make its mortgage payments to Capital One.

6.     As a result of the Debtor's delinquency, Capital One commenced a foreclosure proceeding captioned *Capital One, National Association v. 12 Martense Associates LLC, et al.*, Supreme Court of the State of New York, Kings County, Index No. 12746/2011 (the "Foreclosure Action").

7.     By this Chapter 11 filing, the Debtor hopes to restructure its mortgage obligations with Capital One either through a consensual or otherwise confirmed chapter 11 plan.

**Local Rule 1007-4(a)(iii)**

8.     This case wase not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-4(a)(iv)**

9.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-4(a)(v)**

10.     A list of the names and addresses of the Debtor's respective 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting under 11 U.S.C. Section 702; those who were employees of the Debtor at the Filing Date, and creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) is annexed hereto as **Exhibit "A"**.

**Local Rule 1007-4(a)(vi)**

11.     A list of the names and addresses of the five largest secured creditors is annexed hereto as **Exhibit "B"**.

**Local Rule 1007-4(a)(vii)**

12.     A summary of the Debtor's assets and liabilities is annexed as **Exhibit "C"**.

**Local Rule 1007-4(a)(viii)**

13.     There are no publicly held securities of the Debtor. A List of Equity Security Holders is annexed hereto as **Exhibit "D"**.

**Local Rule 1007-4(a)(ix)**

14.     None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-4(a)(x)**

15.     The Property is located at 12 Martense Street, Brooklyn, New York 11226.

**Local Rule 1007-4(a)(xi)**

16.     The Debtor's assets are located at 12 Martense Street, Brooklyn, New York 11226.

17.     The Debtor's books and records are located at 134 Broadway #9, Brooklyn, New York.

18.     The Debtor does not own any assets outside the territorial limits of the United

States.

**Local Rule 1007-4(a)(xii)**

19.     The following actions or proceedings are pending against the Debtor:

> *Capital One, National Association v. 12 Martense Associates LLC, et al.*,
> Supreme Court of the State of New York, Kings County, Index No. 12746/20113

**Local Rule 1007-4(a)(xiii)**

20.     The Debtor's management consists solely of Zalman Perl, Managing Member and

sole shareholder.

**Local Rule 1007-4(a)(xiv)**

21.     The estimated payroll to employees (exclusive of officers and directors) for the

thirty (30) day period following the filing of the chapter 11 petition is $-0-.

**Local Rule 1007-4(a)(xv)**

22.     The estimated amount to be paid for services to its officers and directors for the

thirty (30) day period following the filing of the Chapter 11 petition is $-0-.

**Local Rule 1007-4(a)(xvi)**

23.     The estimated schedule of cash receipts and disbursements for the thirty (30) day

period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and

receivables expected to accrue but remaining unpaid, other than professional fees is annexed as

**Exhibit "E".**

## STATEMENT PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1

24.     On the Filing Date, the Debtor will be seeking authorization for continued use of

property which may constitute cash collateral in which Capital One asserts a secured interest in

said cash collateral (the "Cash Collateral Motion"), substantially in accordance with the terms

and conditions as set forth in the proposed Interim Stipulation and Order Authorizing Use of Cash Collateral and Granting Adequate Protection of Liens (the "Interim Order").

25.     The proposed Interim Order grants the Debtor the authority to use cash collateral pursuant to §§363 (c)(1) and (2) of the Bankruptcy Code and Bankruptcy Rule 4001(b) to the extent that the Debtor seeks authority to continue the operation of its business and to preserve the value of its estate pending a final hearing and in accordance with the terms of the budget annexed to the Interim Order.

26.     The immediate use of cash collateral, and the Debtor's access to all of its cash, accounts receivable and cash equivalents, is essential to the operation of the Debtor's business, and will not only preserve the estate but will help to maximize its value for the benefit of the creditors.

27.     Without the immediate use of and unfettered access to all cash collateral, the Debtor will not be able to make payroll and properly sustain its operations. Specifically, the use of Cash Collateral is necessary to maintain and insure the Property for payment of utilities and insurance premium, as well as any emergency expenditures that may arise. If the Debtor is not permitted to immediately use cash collateral, the Property and the tenants residing there will be in jeopardy by virtue of the Debtor's inability, under such circumstances, to pay the necessary utilities and expenses.

28.     As such, the relief sought in the Cash Collateral Motion on an interim basis is necessary to enable the Debtor to operate effectively as a debtor-in possession following the commencement of this chapter 11 case.

## CONCLUSION

29.     The Debtor believes it is in the best interests of all of its creditors that it be

afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

30. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

31. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

/s/ Zalmen Perl
Zalman Perl, Managing Member

Exhibit "A"

# United States Bankruptcy Court
## Eastern District of New York

In re   12 Martense Associates LLC                     Case No. _____

                                     Debtor(s)         Chapter     11

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

      Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| Capital One, National Ass<br>c/o Lazer Aptheker<br>225 Old Country Road<br>Melville, NY 11747 | Capital One, National Ass<br>c/o Lazer Aptheker<br>225 Old Country Road<br>Melville, NY 11747 | 12 Martense Street<br>Brooklyn, New York | | 1,492,203.67<br><br>(1,000,000.00 secured) |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

In re   12 Martense Associates LLC                          Case No. _____

                           Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

     I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  August 13, 2011             Signature   /s/ Zalman Perl
                                             Zalman Perl
                                             Managing Member

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Exhibit "B"

In re    12 Martense Associates LLC                                            Case No. _____

_____

                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H W | J | C | | | | | | |
| Account No. | | | | | Mortgage | | | | | |
| Capital One, National Ass c/o Lazer Aptheker 225 Old Country Road Melville, NY 11747 | - | | | | 12 Martense Street Brooklyn, New York | | | | | |
| | | | | | Value $          1,000,000.00 | | | | 1,492,203.67 | 492,203.67 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

| | | |
|---|---|---|
| <u>  0  </u>   continuation sheets attached | Subtotal (Total of this page) | 1,492,203.67 | 492,203.67 |
| | Total (Report on Summary of Schedules) | 1,492,203.67 | 492,203.67 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

12 Martense Associates LLC
Balance Sheet
As of July 31, 2011

**Assets**
  Current Assets
    Cash                        $0.00
    Accounts Receivables     $28,232.79
    Other Assets             $0.00
  Long Term Assets
    Building and Property    $1,000,000.00
Total Assets               **$1,028,232.79**

**Liabilities and Shareholder's Equity**
  Liabilities Subject to Compromise
    Accounts Payable – Pre Petition
    Mortgage Payable      $1,492,203.67
Total Liabilities          **$1,492,203.67**

**Exhibit "D"**

# United States Bankruptcy Court
## Eastern District of New York

In re    12 Martense Associates LLC                              Case No._____

                                           Debtor

Chapter_____11_____

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Zalman Perl<br>134 Broadway #9<br>Brooklyn, NY 11201 | | 100% | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

     I, the Managing Member of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date\_\_\_August 13, 2011_____       Signature _/s/ Zalman Perl_____

                                                                   Zalman Perl<br>                                                               Managing Member

    _Penalty for making a false statement or concealing property_:  Fine of up to $500,000 or imprisonment for up to 5 years or both.<br>                                           18 U.S.C §§  152 and 3571.

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

## Exhibit "E"

12 Martense Associates LLC
30 Day Operating Budget
(Cash Basis)

**Opening Balance 8/1/2011**

**Receipts/Collections**
Rental Income                        $17,143.45

Total Receipts/Collections          $17,143.45

**Disbursements/Payments**
| | |
|---|---|
| Mortgage Payment | $ |
| Insurance | $1,200 |
| Fuel | $3,000 |
| Electric | $300 |
| Real Estate Taxes (Pro Rated) | $2,916 |
| Management Fee | $1,350 |
| Maintenance Payroll | $1,500 |
| Supplies/Misc | $1,200 |

Total Disbursements                 $11,466

**Ending Cash Balance**              $5,677.00